**Opinion issued July 19, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00477-CR

————————————

**WILBOR EARL BURTON A/K/A WILBERT EARL BURTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 10CR1590**

---

## MEMORANDUM OPINION

Wilbor Earl Burton appeals his conviction for failure to comply with sex offender registration requirements.[1] Burton's court-appointed counsel has filed a

---

[1] *See* TEX. CODE CRIM. PROC. ANN., art. 62.102(a) (West 2011).

motion to withdraw and an *Anders* brief in which she states that no valid grounds for appeal exist and that any appeal would be frivolous.[2] Burton has not filed a *pro se* response.[3] Because we conclude that there are no arguable grounds for appeal, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

## Background

In May 2010, the State charged Burton by indictment with failure to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN., art. 62.102(a) (West 2011). Burton pleaded not guilty. The jury found him guilty. Burton elected to have the trial court assess punishment. The trial court sentenced Burton to ten years' confinement after finding true one enhancement based on a prior conviction for delivery of cocaine. This appeal followed.

## Discussion

The brief submitted by Burton's court-appointed counsel states her professional opinion that there are no arguable grounds for reversal on appeal and that any appeal would, therefore, lack merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel's brief meets the minimum *Anders*

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

[3] Burton filed a pro se document with the court requesting certain records from a previous case. The court treated this document as a motion but also reviewed any substantive arguments.

requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *see also In re Schulman*, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 2008). Counsel sent Burton a letter informing him of her conclusion that there was no reversible error that could be raised on his behalf on appeal, explaining her analysis in reaching that conclusion, and stating that she filed an *Anders* brief with the Court. She also informed Burton of his right to examine the record and file a *pro se* brief. She provided him with a copy of her *Anders* brief and motion to withdraw. The Clerk of this Court also sent Burton a letter informing him that an *Anders* brief had been filed, that he had a right to file a response, and that he was entitled to a copy of the appellate record upon written request.

When we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court, and not counsel, determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In conducting our review, we consider any *pro se* response that the defendant files to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If our independent review of the

3

record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *Id.* at 828. Burton may challenge the holding that there are no arguable grounds for appeal by petitioning for discretionary review in the Court of Criminal Appeals. *Id.* at 827 & n.6.

## Conclusion

In accordance with *Anders* and *Bledsoe*, we have reviewed the record and the *Anders* brief from Burton's appointed counsel. We conclude that there are no arguable grounds for reversal on appeal. We therefore affirm the judgment of the trial court and grant appointed counsel's motion to withdraw.[4]

## PER CURIAM

Panel consists of Justices Bland, Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform Burton of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6; *Ex Parte Wilson*, 956 S.W.2d 25, 26–27 (Tex. Crim. App. 1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).